UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Civil Action No. 23-2220 |
| v. | ) IN ADMIRALTY |
| M/V MINERVA VASO, *in rem*, | ) |
| Defendant. | ) |

UNITED STATES' VERIFIED ADMIRALTY COMPLAINT

Plaintiff United States of America, for its Verified Complaint, alleges as follows:

Nature of Action

1. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. The United States brings this action against the M/V MINERVA VASO to recover the costs of repairing damage to a river improvement owned by the United States following the January 18, 2020, grounding of the vessel along the right descending bank of the Mississippi River in the vicinity of river mile 178.0.

3. The United States asserts claims in this case under the general maritime law and under the Rivers and Harbors Act (RHA), 33 U.S.C. §§ 401-476.

1

## Jurisdiction and Venue

4.  The United States is a sovereign nation authorized to bring this action pursuant to the original jurisdiction conferred upon this Court by 28 U.S.C. §§ 1333 and 1345.

5.  This Court, sitting in admiralty, has jurisdiction over the *res* under the Letter of Undertaking entered by the Standard Club Ireland DAC, agreeing to file an appearance on behalf of the M/V MINERVA VASO in an action *in rem* in this venue in consideration for the United States refraining from detaining or arresting the vessel. *See* Attachment A.

6.  The vessel is currently located in [UPDATE], but venue is proper in this district under the Letter of Undertaking as substitute *res*.

## Parties

7.  The United States is a sovereign nation authorized to sue under 28 U.S.C. § 1345 (United States as Plaintiff) and vested with the authority to bring this claim under 33 U.S.C. § 413 (RHA) and the general maritime law.

8.  The United States, through the United States Army Corps of Engineers ("USACE"), owns and maintains the revetment near mile 178.0 of the Mississippi River.

9.  Upon information and belief, the M/V MINERVA VASO is a tank ship built in 2006 bearing IMO number 9318008 flagged under the laws of Greece. The M/V MINERVA VASO is owned by Alana Corp., operated by Minerva Marine, Inc. and insured by The Standard Club Ireland DAC.

2

Statutory Background

10. The Rivers and Harbors Act of 1899 (RHA) (33 U.S.C. §§ 401-476) is the U.S. Army Corps of Engineers (USACE) regulatory program meant to protect navigable waters by preventing alteration, obstruction, or injury to harbor or river improvements without permission by the Secretary of the Army, at the recommendation of the Chief of Engineers.

11. The RHA, at 33 U.S.C § 408(a), prohibits injury to works built by the United States for the preservation or improvement of its navigable waters.

General Allegations

12. On January 18, 2020, at approximately 11:30 p.m. local time, the M/V MINERVA VASO vessel was traveling upstream on the Mississippi River from New Orleans to Baton Rouge when it was grounded on the right descending bank in the vicinity of mile 178.0, in an area known as Smoke Bend, while carrying 12,150,499 gallons of vacuum gas oil.

13. The M/V MINERVA VASO was re-floated by five tugs at 08:30 a.m. local time on January 19, 2020, and, once freed, taken to White Castle, LA.

14. The M/V MINERVA VASO struck the Smoke Bend revetment during the initial grounding and/or during the refloating operation.

15. The Smoke Bend revetment is a river improvement feature built by the United States for the preservation or improvement of its navigable waters. The purpose of the revetment is to stabilize the riverbank at the bend of the river, in order to hold the river in desired alignment.  The stability of the Mississippi River

bank at this location is vital to the integrity of the Mississippi River levee system, which protects the community of Donaldsonville, in Ascension Parish, LA.

16. As a result of the incident, the Smoke Bend revetment required repair.

17. Just prior to the January 18, 2020, grounding, Chustz Surveying, LLC performed a 2020 maintenance survey for the Smoke Bend revetment from December 17, 2019, to January 15, 2020.

18. Four days after the grounding, on January 23, 2020, Chustz Surveying, LLC performed a damage assessment survey.

19. Comparison of the maintenance and damage assessment surveys revealed damage to the revetment on the right descending bank of the Mississippi River in the area of the grounding.

20. Data from the U.S. Coast Guard Nationwide Automatic Identification System (NAIS) confirms the M/V MINERVA VASO was located at the two areas of the damage.

21. Such damage to revetment must be repaired to prevent river currents from undermining the remaining revetment through the areas of damage.

22. To patch the two damaged areas of the revetment, USACE designed two stone blankets from subaqueous paving stone. From July 27, 2020, to August 3, 2020, a contractor placed 30,072 tons of stone in accordance with the repair plan.

23. The United States has incurred expenses of approximately USD $990,468.59 to repair the damage to the Smoke Bend revetment.

24. On July 30, 2021, the United States sent a demand letter to counsel for M/V MINERVA VASO interests, seeking payment of the repair costs.

25. As of the date of the filing of this complaint, repair costs remain unpaid.

### Count I—The M/V MINERVA VASO is Strictly Liable, *In Rem*, Under 33 U.S.C. §§ 408 and 412 for Damage Caused to the Smoke Bend Revetment

26. The United States refers to and incorporates by reference as though fully set forth therein, each and every paragraph of its Complaint.

27. The Mississippi River in the vicinity of Smoke Bend, LA is a navigable waterway of the United States within the meaning of 33 U.S.C. § 408.

28. The revetment at Smoke Bend is a public work built and maintained for the preservation and improvement of navigable waters of the United States within the meaning of 33 U.S.C. § 408.

29. At all material times, the M/V MINERVA VASO was a vessel "used and employed" within the meaning of 33 U.S.C. § 412.

30. The M/V MINERVA VASO, *in rem*, is strictly liable to the United States under the terms of the RHA for damage to the revetment caused by its contact with the revetment, in a final amount to be established at trial, to include pre-judgment interest, and costs, as the Court may award.

### Count II— The M/V MINERVA VASO Is Liable, *In Rem*, Under the General Maritime Law, for Negligent Damage to the Smoke Bend Revetment

31. The United States refers to and incorporates by reference, as though fully set forth herein, each and every foregoing paragraph of this claim.

32. The M/V MINERVA VASO and its owners, operators, or crew were negligent and/or grossly negligent in failing to maintain steering or otherwise prevent the allision of the vessel with the bank or exercise due care in the operation of the vessel; in creating and maintaining an unsafe condition; in failing to operate and/or maintain the M/V MINERVA VASO in a safe and seaworthy condition; in failing to properly hire, train and supervise the crew and/or vessel staff; and other acts of negligence and/or fault, and/or unseaworthiness, to be established at the trial of this matter.

33. The M/V MINERVA VASO, as a moving vessel that allided with a stationary object, is presumptively at fault under the Oregon Rule.

34. The incident of January 18, 2020, and the resulting damages, were directly and proximately caused by the fault, negligence, and/or want of care, on the part of the M/V MINERVA VASO and its owners, operators, or crew.

35. As a direct and proximate result of the negligence and/or gross negligence of the M/V MINERVA VASO, the United States' Smoke Bend revetment suffered damage in an amount to be proven at trial, to include pre-judgment interest, and costs, as the Court may award.

WHEREFORE, the United States prays that the Court enter judgment against the M/V MINERVA VASO in the amount of all damages and losses sustained by the United States as a result of the January 18, 2020 incident described above, including interest, costs, and attorneys' fees.

DATE:  June 27, 2023

>Respectfully submitted,
>
>BRIAN M. BOYNTON
>Principal Deputy Assistant Attorney General
>Civil Division
>
>DUANE A. EVANS
>United States Attorney
>
>
>  /s/ Sarah S. Keast
>SARAH S. KEAST
>Senior Trial Counsel
>Aviation & Admiralty Litigation
>Torts Branch, Civil Division
>U.S. Department of Justice
>         Post Office Box 14271
>Washington, DC 20044-4271
>Telephone: (202) 616-4039
>Facsimile: (202) 616-4002
>Email: sarah.keast@usdoj.gov
>Attorney for the United States of America

## VERIFICATION

Based upon information officially furnished to me, I declare under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct. Executed on June 27, 2023.

_____
SARAH S. KEAST