# Exhibit A

# Murphy, Rogers, Sloss, Gambel & Tompkins
A PROFESSIONAL LAW CORPORATION

| | | |
|---|---|---|
| HANCOCK WHITNEY CENTER<br>701 POYDRAS STREET<br>SUITE 400<br>NEW ORLEANS, LOUISIANA 70139<br>TELEPHONE (504) 523-0400<br>FACSIMILE (504) 523-5574 | 200 WEST THOMAS STREET<br>HAMMOND, LOUISIANA 70401<br>TELEPHONE (985) 340-2007<br>FACSIMILE (985) 340-2005<br>EMAIL FIRM@MRSNOLA.COM<br>WWW.MRSNOLA.COM | ROBERT H. MURPHY<br>PETER B. SLOSS<br>GARY J. GAMBEL<br>PETER B. TOMPKINS<br>CHARLES L. WHITED, JR.<br>JOHN H. MUSSER, V<br>RONALD J. WHITE<br>TIMOTHY D. DePAULA<br>JEFFREY A. RAINES<br>DONALD R. WING<br>TARRYN E. WALSH |

February 26, 2020

TO: United States of America
c/o Department of Justice
**Attention: Mr. Stephen G. Flynn**

RE: M/V MINERVA VASO
Contact with Revetment at Mile 178
Mississippi River, January 18-19, 2020

Dear Sirs:

In consideration of your refraining from detaining or arresting the **M/V MINERVA VASO (IMO number 9318008),** and your refraining from attaching, arresting or otherwise detaining any other vessels, assets or property belonging to the same or associated ownership management or control in connection with the United States' claim for damages arising out of the vessel's alleged contact with the revetment at Mile 178, which occurred on or about January 18, 2020 (the "Incident"), the undersigned Association hereby agrees, the M/V MINERVA VASO lost or not lost:

1. To file or cause to be filed upon your demand an appearance *in rem* on behalf of the M/V MINERVA VASO in an action commenced by the United States in the United States District Court for the Eastern District of Louisiana.

2. In the event a final decree (after appeal, if any) is entered against the M/V MINERVA VASO, *in rem*, in the aforementioned action, then the undersigned Association agrees to pay and satisfy the final decree up to and not exceeding ONE MILLION FOUR HUNDRED THOUSAND AND NO/100 ($1,400,000.00) DOLLARS, inclusive of interest and cost, or any lesser amount decreed by the Court, or any amount settled with our consent between the parties in writing without final decree being rendered, but in no event to exceed the above stated sum;

3. Upon written demand, to cause to be filed, a bond in form and sufficiency of surety satisfactory to you or the Court, up to amount above stated, securing your claim against the said vessel in aforementioned action consistent with paragraph 1 above;

4. In the event the bond referred to under section 3, supra, is filed, then the undersigned shall have no further obligations under section 2, supra.

5. It is understood and agreed between the parties to this undertaking that the sum of ONE MILLION FOUR HUNDRED THOUSAND AND NO/100 ($1,400,000.00) DOLLARS, either by way of bond, or under this obligation, can be reduced by the agreement of the parties or failing said agreement, by order of the Court during the pendency of this obligation.

6. It is the intent of this undertaking that the rights and defenses of the vessel, its owners and managers, in the aforesaid action, for all purposes, shall be taken to be precisely the same as they would have been had the vessel in fact been released upon the filing of a release bond on this date, reserving on behalf of the vessel, her owners, managers, insurers, underwriters and this Association all other objections, rights and defenses otherwise available, including objections or defenses to jurisdiction, forum and venue, and other contractual and legal defenses, except as might be predicated on the fact that a release bond had not in fact been filed and specifically reserving to the vessel owners, insurers, underwriters, claimant and the undersigned Association, the right to file a complaint or otherwise plead for exoneration from, or limitation of liability.

7. In the event any proceeding brought by you in connection with the above Incident is terminated, or in the event of payment of your claim or of an agreed settlement of your claim, this letter of undertaking shall be immediately returned to us.

8. This undertaking and the appearance made pursuant to this undertaking shall not be construed as a general appearance of the Vessel's *in rem* claimant.

It is understood and agreed that the execution of this letter by Timothy D. DePaula shall not be construed as binding upon him personally nor binding Murphy, Rogers, Sloss, Gambel & Tompkins, but is to be binding only upon the Standard Club Ireland DAC.

This letter of undertaking is written entirely without prejudice as to any rights and defenses which the owners of the M/V MINERVA VASO may have, none of which is to be regarded as waved.

Very truly yours

THE STANDARD CLUB IRELAND DAC

BY: TIMOTHY D. DePAULA

By: _____
Timothy D. DePaula
As attorney-in-fact for the above limited purpose only as per authority from Charles Taylor P&I Management (Americas), Inc. on behalf of the managers of the Standard Club Ireland DAC, received on 26 February, 2020.